## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL HICKSON** | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : No. 22-2053 |
| **PECO ENERGY** | : |
| *PATRICK NOONAN SENIOR MANAGER* | : |
| *FINANCE OPERATIONS*, **ET AL.** | : |

**McHUGH, J.**                                                                                             **OCTOBER 24, 2022**

### MEMORANDUM

On September 30, 2022, I ordered Plaintiff to show cause in writing on or before October 14, 2022, why this matter should not be dismissed for failure to make service upon Defendants within 90 days. ECF 9. On October 6, 2022, Plaintiff provided the Court with receipts for FedEx deliveries to Defendants. ECF 10, 11. Because Plaintiff has not submitted an affidavit of service as required by Federal Rule of Civil Procedure 4(l)(1), it is unclear what the packages contained, but I will assume for the purposes of the below discussion that they contained the required summons and complaint. Fed.R.Civ.P. 4(l)(1). According to the receipts, Plaintiff personally mailed the packages to Defendants. Nonetheless, this is improper service of process under the Federal Rules of Civil Procedure. Nor has Plaintiff filed proof that any Defendants have waived service under Federal Rule of Civil Procedure 4(d). Fed.R.Civ.P. 4(d). As a result, I am ordering Plaintiff to cure these defects within thirty days by properly serving each Defendant with both a copy of Plaintiff's Amended Complaint and a summons and by filing an affidavit signed by the process-server attesting to the proper service of Defendants, or, alternatively, by filing waivers

of service signed by Defendants. Fed.R.Civ.P. 4(m). If Plaintiff fails to cure the defective service of process within thirty days, I will be obligated to dismiss this action.

### 1. Failure to Properly Serve Defendants

Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that a summons and complaint must be served by a "person who is at least 18 years old and *not a party*." Fed.R.Civ.P. 4(c)(2) (emphasis added). This rule "is violated when a plaintiff *personally* attempts to serve a defendant . . . by mail," as is the case here.[1] *Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009) (emphasis added); *see Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018) ("Both the federal and state rules require service of original process to be accomplished by an adult who is not a party to the action. There is no exception for this rule for service effectuated via mail or when the Plaintiff is pro se."). As a result, Plaintiff has not validly served process on Defendants.

Even if Plaintiff had contracted a third-party to mail the summons and complaint, rather than mailing them himself, such service would be improper because, except as permitted by securing a waiver of personal service as set forth below, neither the Federal nor Pennsylvania rules allow for service by mail in this situation. Rule 4(e) of the Federal Rules of Civil Procedure allows for a non-party as described above to serve a summons and complaint upon an individual in one of three ways:

---

[1] This rule is also violated when a plaintiff personally attempts to serve a defendant by means *other than* mail, rather than arranging for a third party to complete service of process.

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e)(2).  Likewise, Rule 4(j)(2) provides the following methods for serving a state or local government, including a "state-created governmental organization" like the Pennsylvania Public Utility Commission ("PUC")[2]:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed.R.Civ.P. 4(j)(2).  Finally, Rule 4(h)(1) of the Federal Rules of Civil Procedure provides the following methods for serving a corporation in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed.R.Civ.P. 4(h)(1).  None of the acceptable methods include service by mail.

Alternatively, a non-party can deliver service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," meaning that Plaintiff could serve Defendants using methods provided for in the Pennsylvania Rules of Civil Procedure.  Fed.R.Civ.P. 4(e)(1); *see also* Fed.R.Civ.P. 4(j)(2)(B).  Pennsylvania state law, in turn, allows service by the following methods:

> (1) by handing a copy to the defendant; or

---

[2] It is unclear from Plaintiff's complaint whether he is suing the PUC as an organization or suing the PUC's Chairman individually.

 (2) by handing a copy
  (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
  (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
  (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.Civ.P. 402(a).[3] Pennsylvania Rule of Civil Procedure 422—which establishes methods of service upon the Commonwealth and its officers and subdivisions—and Pennsylvania Rule of Civil Procedure 424—which establishes methods of service upon corporations and similar entities—likewise do not allow service by mail. Pa.R.Civ.P. 422, 424. Pennsylvania state law does allow service by mail if a specific rule of civil procedure explicitly authorizes it, Pa.R.Civ.P. 403, but no such rule is applicable here. *See* Pa.R.Civ.P. 400-430.

Finally, Federal Rule of Civil Procedure 4(l)(1) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed.R.Civ.P. 4(l)(1). Plaintiff has submitted no such affidavit in this case.

 2. *Failure to Submit Proof of Defendants' Waiver of Service*

As an alternative to the service processes described above, Federal Rule of Civil Procedure 4(d) allows plaintiffs to request certain defendants to waive service of a summons after they have been notified that an action has been commenced. Fed.R.Civ.P. 4(d)(1). This provision applies to service upon individuals, corporations, partnerships, and associations, but does not apply to service

---

[3] As an alternative to these procedures, Pennsylvania Rule of Civil Procedure 402 allows a defendant or a defendant's authorized agent to accept service of original process by filing a document that affirms their acceptance of process. Pa.R.Civ.P. 402(b).

upon a state, municipal corporation, or any other state-created governmental organization,[4] nor does it apply to service upon foreign governments or the United States, its agencies, corporations, officers, and employees. *Id.*; Fed.R.Civ.P. 4(e)-(j). Under this provision:

> The notice and request must:
>
> (A) be in writing and be addressed:
>     (i) to the individual defendant; or
>     (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
> (G) be sent by first-class mail or other reliable means.

Fed.R.Civ.P. 4(d)(1). If a plaintiff located within the United States has provided notice and sent a request for a defendant located within the United States to waive service, and the defendant fails, without good cause, to sign and return the waiver to the plaintiff, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed.R.Civ.P. 4(d)(2). If a plaintiff files a waiver, "proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." Fed.R.Civ.P. 4(d)(4).

---

[4] As mentioned above, it is unclear whether Plaintiff is suing the PUC as an organization or suing the PUC's Chairman individually, which would change whether Rule 4(d) allows Plaintiff to request that specific Defendant to waive service, since the rule allows plaintiffs to request waivers from individuals but not from state agencies.

In this case, Plaintiff has neither filed waivers of service nor submitted evidence that he requested any of the Defendants to waive service. Since Plaintiff has not provided proof of service or of waiver of service, nor showed cause in writing why this matter should not be dismissed for failure to make proper service upon Defendants within 90 days, as requested in my September 30, 2022 Order, Federal Rule of Civil Procedure 4(m) requires me to "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed.R.Civ.P. 4(m). I therefore order Plaintiff to cure the aforementioned defects in the service of process within thirty days, and I will be obligated to dismiss this action without prejudice if Plaintiff fails to do so.

/s/ Gerald Austin McHugh
United States District Judge